UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | 1:19-CV-1716-CAP |
| RAINBOW COMMUNITY CENTER, INC., et al., | |
| Defendants. | |

**ORDER**

This is a declaratory judgment action brought by Nautilus Insurance Company ("Nautilus") pursuant to diversity jurisdiction under 28 U.S.C. § 1332. Nautilus is a citizen of Arizona, and the defendants are all citizens of Georgia. On August 31, 2021, this court issued an order directing Nautilus to show cause how the amount in controversy exceeds $75,000. [Doc. No. 40]. Nautilus' response is now before the court. [Doc. No. 41].

"When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective. A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith." *Owners Ins. Co. v. James*, 295 F. Supp. 2d 1354, 1358 (N.D. Ga. 2003). In cases like this, where an insurer is seeking a coverage determination, the court may consider not

only the value of the underlying suit, but also the cost to the insurer to defend it.  *Zurich Am. Ins. Co. v. S. Atlanta Urgent Care Clinic, LLC*, No. 1:16-CV-1633-SCJ, 2017 WL 3500367, at *1 (N.D. Ga. Feb. 1, 2017) (citations omitted).  "If it is not facially apparent from the complaint that the amount in controversy is met, the court may consider other evidence relevant to the amount in controversy at the time jurisdiction was invoked." *Owners Ins. Co. v. Bryant,* No. CIV.A. 305CV48CAR, 2006 WL 50488, at *2 (M.D. Ga. Jan. 9, 2006) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)).

  Here, Nautilus is seeking a declaration that it owes no duty to defend or indemnify the defendants Rainbow Community Center and Clara Lett in an underlying suit in state court.  The complaint in the underlying suit does not specify a damages amount.  However, the court finds that the plaintiff has alleged enough to meet the jurisdictional requirements.  "[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010).  "[W]hen a district court can determine, relying on its judicial experience and common sense, that a claim satisfies the amount-in-controversy requirements, it need

not give credence to representation that the value of the claim is indeterminate." *Id.* at 1064.

The underlying suit alleges claims for negligence, tortious misconduct, breach of contract, and nuisance by a woman who was raped on the premises of the defendant Rainbow Community Center. Based on the court's judicial experience and common sense, the nature of the underlying suit indicates that more than $75,000 is at stake. *Zurich*, No. 1:16-CV-1633-SCJ, 2017 WL 3500367, at *2. As noted in *Zurich*, "[s]exual assault is not a 'slap on the wrist' matter. It's a deeply personal violation and juries very often see fit to award substantial damages." *Id.*

For these reasons, the court finds that Nautilus has adequately alleged diversity jurisdiction.

**SO ORDERED** this 10th day of September, 2021.

/s/CHARLES A. PANNELL, JR.
CHARLES A. PANNELL, JR.
United States District Judge